UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD D. MENYWEATHER,<br>Petitioner | CIVIL ACTION NO. 1:17-CV-986-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Richard D. Menyweather ("Menyweather") (#20504-078). Menyweather is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Menyweather challenges the calculation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Menyweather was convicted of possession of a firearm by a convicted felon. United States v. Menyweather, 607 F. App'x 424 (5th Cir. 2015). Menyweather was sentenced to 87 months of imprisonment. (4:12-cr-00233, E.D. Tex.).

Menyweather claims he did not receive proper credit against his federal sentence for time spent in federal custody.

## II. Law and Analysis

A federal prisoner must "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); see also, United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (a petitioner seeking habeas relief under Section 2241 "must first exhaust his administrative remedies through the Bureau of Prisons"). In order to properly exhaust administrative remedies under § 2241, a prisoner must first make an informal resolution of his complaint by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden using a BP-9 form. 28 C.F.R. § 542.14(a). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using a BP-11 form. 28 C.F.R. § 542.15.

If a prisoner believes he has been improperly refused credit against his sentence, the prisoner must first seek administrative review of the computations of credit. Once he has exhausted administrative remedies, the prisoner may pursue judicial review of the computations. See United States v. Setser, 607 F.3d 128, 133 (5th Cir. 2010) (citing United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992)), aff'd, 132 S.Ct. 1463 (2011). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62

(citation omitted). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. Id.

In his original complaint, Menyweather alleges he sought relief from the warden, and Menyweather provides a copy of the warden's response denying relief. (Doc. 1, p. 17). However, Menyweather did not allege or demonstrate that he continued the administrative review process. Therefore, Menyweather was ordered to amend his petition to state whether he appealed the denial of relief and received the Designation and Computation Center's determination regarding his request for credit. (Doc. 6). Menyweather was further ordered to provide copies of the responses received at each level if he exhausted through the regional and national levels, and to explain what, if any, extraordinary circumstances prevented him from properly exhausting if he failed to exhaust. (Doc. 6).

In his amended complaint, Menyweather does not allege that he complied with the exhaustion requirement. (Doc. 7). Menyweather only submits a copy of the warden's response, which Menyweather labels "from Regional." (Doc. 7, p. 3). Menyweather did not submit responses from the regional and national levels. It appears that Menyweather did not properly exhaust his claim, and he does not allege otherwise.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Menyweather's petition for writ of habeas corpus (Doc. 1) be DENIED and DISMISSED, without prejudice to seeking judicial review once the claim has been exhausted.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of January, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

4